## ODELL BROWN V. THE STATE.

No. 16489.   Delivered February 28, 1934.
Reported in 69 S. W. (2d) 93.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of selling intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The testimony adduced upon the trial, briefly stated, is as follows: On the night of the 20th day of May, 1933, Bill Hardy and R. W. Haynes were in the town of Lubbock, Texas. During the time they were in the town they visited the pool hall together and while there decided that they would like to have a drink of whisky. They saw the appellant out on the street and R. W. Haynes informed the appellant of his desire to buy some whisky. The appellant told Haynes that he had no whisky but thought that he knew where they might get some, and walked away, but some time later came back and told them where he thought they could find whisky. He told them it was down at the ball park in the southeast corner of a little patch. They, the said Hardy and Haynes, went to that place and looked for it and found one pint bottle in a Post Toasties box under a piece of tin. Haynes testified that he paid appellant $1.00 for the whisky but Hardy testified that he did not see money paid nor did he pay a cent for the whisky which they found in the box under a piece of tin. The testimony further shows that

the sheriff a few minutes later arrested Hardy and Haynes and searched them apparently without any reason or probable cause and took a pint bottle about two-thirds full of liquor from Mr. Haynes. The appellant testified in his own behalf, denying that Haynes paid him one dollar or any other amount and denied placing the whisky at the place where Haynes and Hardy testified they found it.

There are no bills of exception to the reception of testimony, no objection to the court's charge, and not even a motion for new trial in the record. We have examined the indictment and it appears to be in due form, and the testimony, although weak, seems to be sufficient to sustain the verdict of the jury.

No error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.